**KLUCAR et, Appellants, v. HULL et, Appellees.**

Common Pleas Court, Cuyahoga County.

No. 716667.   Decided October 30, 1959.

Charles J. Donohue, Patrick J. Toomey, Cleveland, for appellants.
George E. Fedor, Director of Law, Lakewood, John J. Kane, Jr., Ass't Police Prosecutor, Cleveland, for appellees.

## OPINION

By J. J. P. CORRIGAN, J.

This case comes before the Court on a motion to dismiss the appeal. The appeal was filed in this court by two police officers of the City of Lakewood for the purpose of setting aside the ruling of the Lakewood Civil Service Commission which upheld their suspension by the Chief of Police, said suspension having been previously sustained by the Mayor.

It is the contention of the appellees that there can be no appeal to this court from a decision of the Civil Service Commission. They found their argument on the provisions embodied in Article VI Section 7 of the Charter of the City of Lakewood. This section of the charter provides for an appeal of suspension to the Commission and states that ". . . its judgment in the matter shall be final." Sec. 143.27 R. C., provides for an appeal to the Court of Common Pleas from decisions of a municipal Civil Service Commission as follows:

". . . In the case of the suspension, demotion or removal of a chief of police or a chief of the fire department or any member of the police or fire department of a city an appeal on questions of law and fact may be had from the decision of the municipal civil service commission to the court of common pleas of the county in which such city is situated . . ."

Thus, the Charter provision and the general law of Ohio are in conflict. The appellees contend that the charter's provision prevails and the appellants argue that the general law of the state is controlling. The appellees place great reliance on the case of State, ex rel. Canada v. Phillips, 168 Oh St 191 (1958). The Canada case, supra, held that the charter provisions of the City of Columbus prevailed over the general laws of the state where the question involved was the procedure for appointment to fill a police vacancy. The decision was based upon the supremacy given to local governments under the "Home Rule" provisions of the Ohio Constitution, Sections 3 and 7, Article XVIII. The Canada case, supra, must be considered a "landmark" decision in the "Home Rule" conflict since it discusses practically every case previously decided by the court; overruling some cases and distinguishing others. One of the cases distinguished in the Canada case, supra, was In re Fortune, 138 Oh St 385 (1941). In re Fortune, supra, is specifically in point with the case at bar. The question presented was whether there was an appeal to the court from a ruling of the civil service commission. The statute provided for an appeal and the charter of the City of Cleveland Heights made the finding of the commission final. The Supreme Court held that the general law of Ohio prevailed notwithstanding the "Home Rule" provisions of the Ohio Constitution.

In commenting on the Fortune Case, supra, Judge Taft, who authored the majority opinion in the Canada Case, supra, said at page 201:

". . . As to In re Fortune, supra (138 Oh St 385), the precise question there decided is not before us for consideration in the instant case, and we express no opinion with respect to that question except to state that some of the reasons advanced for the decision are obviously inconsistent with the pronouncements of law and decisions in the cases which we are following in the instant case . . . ."

Paragraph 8 of the syllabus of the Canada Case, supra, distinguished In re Fortune, supra.

There is a basic distinguishing factual factor which sets apart In re Fortune, supra, and the case at bar from the Canada Case, supra. The statute involved in the case at bar is one establishing the jurisdiction of a court of this state. It is elementary that only the state legislature can limit or provide for the jurisdiction of a court of this state. **Section 4, Article IV, Ohio Constitution.** The state legislature has done so in §143.27 R. C.

The charter provision of the City of Lakewood can not alter or limit the jurisdiction provided for in §143.27 R. C. Thus the general law of the state must prevail. In the Canada Case, supra, the statute involved was concerned with the procedure in promoting officers in the Police Department, a matter of strict local concern. There was no question involving the general jurisdiction of a court.

For the foregoing reasons we are constrained to distinguish the Canada Case, supra, and follow In re Fortune, supra. The motion to dismiss the appeal is overruled.